No. 27,943.

GEORGE B. STANLEY, *Plaintiff*, v. THE STATE BOARD OF MEDICAL
REGISTRATION AND EXAMINATION, *Defendant.*

(260 Pac. 983.)

### SYLLABUS BY THE COURT.

PHYSICIANS AND SURGEONS—*Capacity and Qualifications—Mandamus to Compel Examination.* A writ of mandamus to compel the state board of medical registration and examination to examine an applicant for a certificate to practice medicine and surgery denied on the authority of *Jones v. Board of Medical Examination,* 111 Kan. 813, 208 Pac. 639.

Original proceeding in mandamus. Opinion filed November 5, 1927. Writ denied.

*James R. Stanley,* of Kansas City, *Chauncey B. Little* and *Judson S. West,* both of Olathe, for the plaintiff.

*William A. Smith,* attorney-general, and *W. C. Ralston,* assistant attorney-general, for the defendant.

The opinion of the court was delivered by

BURCH, J.: The action is one of mandamus to compel the state board of medical registration and examination to examine plaintiff to determine his qualifications to practice medicine and surgery, and if upon examination plaintiff be found to be qualified, to issue to him a certificate authorizing him to practice medicine and surgery in this state.

The motion for an alternative writ was supported by an affidavit setting forth what plaintiff claims his qualifications for examination are, and containing statements which were made the basis of a charge that the board willfully, capriciously and unreasonably refused to examine plaintiff. An alternative writ was issued which referred to the affidavit, and which commanded the board to examine plaintiff, and if proper legal qualifications appeared, to issue a certificate, or to show cause why the board did not do so. The board answered, and the cause is submitted on a motion for a peremptory writ. The motion refers to the affidavit on which the alternative writ was predicated.

The code of civil procedure contains the following provisions:

"The motion for the writ must be made upon affidavit, . . .

Stanley v. State Board of Medical Registration and Examination.

"On the return day of the alternative writ, or such further day as the court may allow, the party on whom the writ shall have been served may show cause, by answer made in the same manner as in answer to a petition in a civil action.

"No other pleading or written allegation is allowed than the writ and answer. These are the pleadings in the case, and have the same effect, and are to be construed, and may be amended, in the same manner as pleadings in a civil action; and the issues thereby joined may be tried and the further proceedings thereon had in the same manner as in a civil action." (R. S. 60-1705, 60-1707, 60-1709.)

The motion for a peremptory writ is therefore the equivalent of a motion for judgment notwithstanding the answer, or for judgment for plaintiff on the pleadings.

Ordinarily the alternative writ embraces the full statement of facts contained in the verified motion, if the motion recite the facts, or in the affidavit supporting the motion, if the motion be formal and the affidavit state the facts. In this instance the writ was not so prepared. Following the words, "Whereas, it has been made to appear by affidavit," were statements in the nature of conclusions of fact derived from the full statement of specific facts contained in the affidavit. This being true, the plaintiff's case rests ultimately upon the facts stated in the affidavit.

The answer contained a general denial. The general denial raised an issue of fact respecting every charge contained in the writ, and in strictness the motion for judgment cannot prevail while the facts are in dispute. The answer was extended, however, to include facts relied on by the board as justifying refusal to examine the plaintiff, and reading the writ, interpreted as indicated, and the answer together, it is plain the controversy relates to the legal sufficiency of the justification affirmatively pleaded.

Plaintiff desires to substitute what he thinks is sufficient study and training to qualify him to practice medicine and surgery, for the irreducible minimum required by rule of the board—graduation from a medical school whose courses of study, standards and equipment are approved by the American Medical Association. The reasons for the board's approval of the American Medical Association classification of colleges of medicine and surgery are stated in the answer:

"That said American Medical Association is an organization composed of all the state medical societies in the United States, the District of Columbia, and Alaska, including the Kansas State Medical Society; that every physician in the state of Kansas who is a member of the Kansas State Medical Society in good standing is by virtue of such membership also a member of said American Medical Association; that the Kansas State Medical Society collects the yearly

dues from its membership in the state of Kansas, and from this amount so collected a certain amount per capita is paid into the treasury of the American Medical Association, and this entitles each member of the Kansas Medical Society to full membership in, and all privileges of, the American Medical Association.

"That said American Medical Association has a council on medical education and hospitals, the function of which council is to investigate conditions of medical schools, hospitals, and associated subjects throughout the United States, and to suggest the means and methods by which the same may be improved; that said American Medical Association has spent, and is spending, a large amount of time and money in every phase of medical research work throughout the United States; that it has made a thorough investigation of all the laws of every state in the Union relating to education in medicine and surgery, and has made a thorough and careful inspection of every medical college in the United States as to its equipment, clinical facilities, and its qualifications to teach medicine and surgery; that as a result of its labors said American Medical Association has classified the medical colleges according to their qualifications for teaching medicine and surgery, equipment for teaching, and clinical facilities, into classes A, B, and C as aforesaid; that no state medical board or association is financially able to investigate and classify the various medical colleges of the United States in such manner, and for this reason the defendant board, in common with the licensing medical boards of many other states of the Union, has adopted and follows the classification of American medical colleges made by said American Medical Association."

The board's reasons for refusing to examine plaintiff are stated in the answer:

"That plaintiff is a graduate of the Kansas City University of Physicians and Surgeons in Kansas City, Mo.; that he was graduated from said institution on the 27th day of May, 1926, and that he is a graduate of no other medical college or university.

"That said Kansas City University of Physicians and Surgeons is, and ever since its existence has been, a class C medical college or university, as classified by said American Medical Association, and is not recognized by the licensing medical boards of forty-seven states in the Union and Alaska; that said Kansas City University of Physicians and Surgeons is only recognized by the licensing medical boards of the state of Massachusetts and the District of Columbia.

"That section 7331, Revised Statutes of Missouri, 1919, provides that the state board of health of said state shall have general supervision over the registration of all practitioners of medicine and surgery in such state, and that said board of health does not recognize said Kansas City University of Physicians and Surgeons, and that said institution has been reported by said board of health of Missouri to the defendant board as a nonreputable medical college."

The result is, the case is governed by the decision in the case of *Jones v. Board of Medical Examination,* 111 Kan. 813, 208 Pac. 639, and the writ is denied.